UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br>　　　　Plaintiff,<br>　　v.<br>E. DOTSON, et al.,<br>　　　　Defendants. | Case No. 15-cv-05373-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

1  factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
2  to relief' requires more than labels and conclusions, and a formulaic recitation of the
3  elements of a cause of action will not do. . . .   Factual allegations must be enough to
4  raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
5  U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state
6  a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme
7  Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal
8  conclusions can provide the framework of a complaint, they must be supported by factual
9  allegations.  When there are well-pleaded factual allegations, a court should assume their
10 veracity and then determine whether they plausibly give rise to an entitlement to relief."
11 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
13 elements:  (1) that a right secured by the Constitution or laws of the United States was
14 violated, and (2) that the alleged deprivation was committed by a person acting under the
15 color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **II.    LEGAL CLAIMS**

17      Plaintiff raises several claims regarding a disciplinary finding where he was found
18 guilty of assaulting another inmate.

19      In order to recover damages for an allegedly unconstitutional conviction or
20 imprisonment, or for other harm caused by actions whose unlawfulness would render a
21 conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction
22 or sentence has been reversed on direct appeal, expunged by executive order, declared
23 invalid by a state tribunal authorized to make such determination, or called into question
24 by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S.
25 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or
26 sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487.
27 *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974),
28 procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the

nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

Interests protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See id. at 477-87.

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in *Sandin*. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484 or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487. In determining whether a restraint is an "atypical and significant hardship," *Sandin* suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious

3

rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19.

*Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566; Fifth, "[w]here an illiterate inmate is involved . . . or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . . from the staff or from a[n] . . . inmate designated by the staff." *Wolff*, 418 U.S. at 570.

Plaintiff was found guilty of a prison disciplinary violation for assault on another inmate with a weapon capable of causing serious physical injury. The disciplinary finding arose from a July 15, 2011, incident where plaintiff fought with another inmate. Plaintiff admits that he fought with the other inmate but denies using a weapon and argues that prison officials planted the weapon as part of a conspiracy and also falsified records. Part of plaintiff's due process claim is based on the hearing officer at the disciplinary hearing denying plaintiff's request to call the other inmate as a witness.

The court first notes that plaintiff's complaint names more than 30 defendants and

4

1  is 150 pages long with more than 300 pages of exhibits. Plaintiff has failed, pursuant to
2  Fed. R. Civ. P. 8(a)(2), to provide "a short and plain statement of the claim showing that
3  the pleader is entitled to relief...." Rule 8 requires "sufficient allegations to put defendants
4  fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th
5  Cir.1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.1995)
6  (amended complaint with vague and scanty allegations fails to satisfy the notice
7  requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does
8  not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d
9  1172, 1179 (9th Cir.1996). Plaintiff's complaint in this action illustrates the "unfair
10 burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity,
11 conciseness and clarity" which "fail to perform the essential functions of a complaint."
12 *McHenry*, 84 F.3d at 1179–80.

13  The complaint is dismissed with leave to amend to present a more concise set of
14 allegations, facts, and exhibits. **An amended complaint must not be longer than 25**
15 **pages with another 25 pages of exhibits.**

16  Furthermore, it is not clear if plaintiff was assessed a loss of time credits as a
17 result of the guilty finding. Plaintiff proceeds with a habeas action regarding the same
18 July 15, 2011 incident, in *Trevino v. Beard*, Case No. 15-cv-4837-EMC. Though, the
19 court noted in serving that habeas petition on respondent that it was unclear if a loss of
20 time credits was imposed. *Id.*, Docket No. 17 at 1. In an amended complaint, plaintiff
21 must also address if there was a loss of time credits that have not been restored and why
22 this case is not *Heck* barred.

23  If there was not a loss of time credits plaintiff must also describe how any
24 punishment imposed from the disciplinary finding resulted in a due process violation
25 pursuant to *Sandin*. Plaintiff should also describe how his right to call a witness was
26 violated because that right is not absolute pursuant to *Wolff*. Prison officials are not
27 required to place in the "administrative record" their reasons for refusing to allow
28 witnesses to testify, but may wait to provide the explanation in court if the refusal is

challenged. *See Ponte v. Real*, 471 U.S. 491, 497 (1985). Prison officials can note that the reason for denying a witness may be for "irrelevance, lack of necessity, or the hazards presented in individual cases." *Wolff*, 418 U.S. at 566. In this case, the witness plaintiff requested was the inmate plaintiff had been fighting with, and the hearing officer concluded that both inmates presence together could present a safety and security risk. Docket No. 1-5 at 43 of 107.

Plaintiff has also requested the appointment of counsel. However, there is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The issues presented are not complex and do not represent exceptional circumstances. Plaintiff does not require counsel at this point in the litigation to clearly present his claims in an amended complaint. The motion is denied.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **April 19, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. **An amended**

**complaint must not be longer than 25 pages with another 25 pages of exhibits.**

2. The motion to appoint counsel (Docket No. 8) is **DENIED**.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 15, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2015\2015_05373_Trevino_v_Dotson_(PSP)\15-cv-05373-PJH-dwlta.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>   v.<br><br>E. DOTSON, et al.,<br><br>        Defendants. | Case No. 15-cv-05373-PJH<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on March 15, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Trevino ID: J-64367
Salinas Valley State Prison D4-#130L
P.O. Box 1050
Soledad, CA 93960

Dated: March 15, 2016

                                            Susan Y. Soong
                                            Clerk, United States District Court

                                            By:_____
                                            Nichole Peric, Deputy Clerk to the
                                            Honorable PHYLLIS J. HAMILTON