UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>    v.<br><br>E. DOTSON, et al.,<br><br>        Defendants. | Case No. 15-cv-05373-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff was found guilty of a prison disciplinary violation for assault on another inmate with a weapon capable of causing serious physical injury.  The disciplinary finding arose from a July 15, 2011, incident where plaintiff fought with another inmate.  Plaintiff admits that he fought with the other inmate but denies using a weapon.  He argues that 1) his due process rights were violated with respect to the disciplinary hearing; 2) defendants engaged in a conspiracy to frame him and find him guilty; 3) several defendants framed him in retaliation for a previously filed civil rights action; 4) his inmate appeals were improperly denied; and 5) defendants denied him access to the courts.

### 1.   Due Process

Interests protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states.  *See Meachum v. Fano*, 427 U.S. 215,

2

223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87.

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in *Sandin*. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484 or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. In determining whether a restraint is an "atypical and significant hardship," *Sandin* suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19.

*Wolff* established five procedural requirements.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  *Wolff*, 418 U.S. at 564.  Second, "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]."  *Id.*  Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action."  *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  *Id.* at 566; Fifth, "[w]here an illiterate inmate is involved . . . or [where] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . . from the staff or from a[n] . . . inmate designated by the staff."  *Wolff*, 418 U.S. at 570.

Plaintiff argues the he was not allowed to present defense witnesses at the disciplinary hearing and was not provided investigative aid.  As a result he was placed in restrictive housing which for many reasons presented an atypical and significant hardship.  Liberally construed, this claim is sufficient to proceed against Hopkins, Lord and Waterman who were involved in the disciplinary hearing.

**2. Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999).  To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement.  *Id.*  To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least

share the common objective of the conspiracy.  *Id.*  A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions.  *Id.* at 856-57.

Plaintiff argues that prison officials planted the weapon as part of a conspiracy, falsified records and fingerprints, and medical staff falsified injuries on the other inmate and corresponding medical reports.  Plaintiff has failed to sufficiently allege that defendants reached a unity of purpose or common design and understanding or that each defendant shared the common objective of the conspiracy.  Plaintiff has failed to present enough facts to state a plausible claim that the approximately sixteen defendants were part of a conspiracy to have him transferred to restricted housing for one year. Simply stating there was a conspiracy between the guards, medical staff, disciplinary committee, appeal coordinators and warden is insufficient.  Plaintiff will be provided an opportunity to amend and provide more information.

### 3. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

Plaintiff states that several defendants engaged in their actions in retaliation for a previously filed civil rights complaint.  He has not presented any allegations to demonstrate that these defendants were aware of the prior complaint and engaged in their activities because of the prior action.  This claim is dismissed with leave to amend.

5

### 4. Inmate Appeals

There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff's claim that his inmate appeals were improperly denied is dismissed with prejudice because no amount of amendment could cure these deficiencies.

### 5. Access to the Courts

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55

Plaintiff argues that he was denied access to the courts due to the denial of inmate appeals and because of a delayed Olsen Review. Plaintiff's few allegations fail to state a claim. The claim is dismissed with leave to amend for plaintiff to provide more information to describe how an inadequacy in the prison's legal access program caused an actual injury.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **June 27, 2016**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. If plaintiff files a second amended complaint he must include the due process claim already found cognizable. Failure to file a seconded amended complaint will result in this case

proceeding only against the three defendants noted above for the due process claim.  **A second amended complaint must not be longer than 25 pages with another 25 pages of exhibits allowed**.

     2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     **IT IS SO ORDERED.**

Dated:  May 24, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_05373_Trevino_v_Dotson_(PSP)\15-cv-05373-PJH-dwlta2.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

    Plaintiff,

v.

E. DOTSON, et al.,

    Defendants.

Case No. 15-cv-05373-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 24, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Trevino ID: J-64367
Salinas Valley State Prison D4-#130L
P.O. Box 1050
Soledad, CA 93960

Dated: May 24, 2016

Susan Y. Soong
Clerk, United States District Court

By: */s/ Nichole Peric*
Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON