UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>   v.<br><br>E. DOTSON, et al.,<br><br>        Defendants. | Case No. 15-cv-05373-PJH<br><br>**ORDER OF SERVICE**<br><br>Re: Dkt. No. 20 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The first amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff was found guilty of a prison disciplinary violation for assault on another inmate with a weapon capable of causing serious physical injury.  The disciplinary finding arose from a July 15, 2011, incident where plaintiff fought with another inmate.  Plaintiff admits that he fought with the other inmate but denies using a weapon.  He presents four causes of action.  He argues that 1) his due process rights were violated with respect to the disciplinary hearing; 2) defendants engaged in a conspiracy to frame him and find him guilty; 3) several defendants framed him in retaliation for a previously filed civil rights action; and 4) his inmate appeals were improperly denied and he was denied access to the courts.  Second Amended Complaint ("SAC") at ¶¶ 62-117.

**1.  Due Process**

Interests protected by the Due Process Clause may arise from two sources: the

Due Process Clause itself and laws of the states.  See *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  See *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See id. at 477-87.

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in *Sandin*.  "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484 or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.  In determining whether a restraint is an "atypical and significant hardship," *Sandin* suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence.  See *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  See *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum

1  procedural protections.  *See id.* at 556-57, 571-72 n.19.

2  *Wolff* established five procedural requirements.  First, "written notice of the
3  charges must be given to the disciplinary-action defendant in order to inform him of the
4  charges and to enable him to marshal the facts and prepare a defense."  *Wolff*, 418 U.S.
5  at 564.  Second, "[a]t least a brief period of time after the notice, no less than 24 hours,
6  should be allowed to the inmate to prepare for the appearance before the [disciplinary
7  committee]."  *Id.*  Third, "there must be a 'written statement by the factfinders as to the
8  evidence relied on and reasons' for the disciplinary action."  *Id.* (quoting *Morrissey v.
9  Brewer*, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings
10 should be allowed to call witnesses and present documentary evidence in his defense
11 when permitting him to do so will not be unduly hazardous to institutional safety or
12 correctional goals."  *Id.* at 566; Fifth, "[w]here an illiterate inmate is involved . . . or
13 [where] the complexity of the issue makes it unlikely that the inmate will be able to collect
14 and present the evidence necessary for an adequate comprehension of the case, he
15 should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . .
16 . from the staff or from a[n] . . . inmate designated by the staff."  *Wolff*, 418 U.S. at 570.

17 Plaintiff alleges that defendants Hopkins, Lord and Waterman violated his due
18 process rights with respect to the disciplinary hearing.  SAC at ¶ 62.  Liberally construed,
19 his allegations are sufficient to proceed against Hopkins, Lord and Waterman.

20 **2. Conspiracy**

21 A civil conspiracy is a combination of two or more persons who, by some
22 concerted action, intend to accomplish some unlawful objective for the purpose of
23 harming another which results in damage.  *Gilbrook v. City of Westminster*, 177 F.3d 839,
24 856 (9th Cir. 1999).  To prove a civil conspiracy, the plaintiff must show that the
25 conspiring parties reached a unity of purpose or common design and understanding, or a
26 meeting of the minds in an unlawful agreement.  *Id.*  To be liable, each participant in the
27 conspiracy need not know the exact details of the plan, but each participant must at least
28 share the common objective of the conspiracy.  *Id.*  A defendant's knowledge of and

participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.* at 856-57.

Plaintiff argues that prison officials planted the weapon as part of a conspiracy, falsified records and fingerprints, and medical staff falsified injuries on the other inmate and corresponding medical reports. Liberally construed, this claim is sufficient to proceed against defendants Dotson, Ambriz, Vega, Augiana, Collier, Elias, Mendoza, Milenewicz, Perez, Lord, Waterman, Keku, Sevier, Hopkins, Doss and Medina. SAC at ¶¶ 72-73.

### 3. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

Plaintiff states that several defendants engaged in their actions in retaliation for a previously filed civil rights complaint. The fight in this case occurred on July 15, 2011, and the disciplinary hearing occurred on March 21, 2012, both at Salinas Valley State Prison. Plaintiff argues that the retaliation originated in 2005 at the Substance Abuse Treatment Facility when he was set up by prison officials and assaulted by his cellmate. SAC at ¶ 36. He filed a federal civil rights action in 2005. Plaintiff also describes retaliation that occurred at other prisons outside this district in 2005 to 2006 and 2008 to 2010. *Id.* at ¶¶ 37-45.

Despite being provided leave to amend on multiple occasions, plaintiff has still failed to describe how defendants in this case retaliated against him. He states that the

1 weapon was planted on him and he was illegally found guilty all in retaliation.  However,

2 plaintiff has failed to present allegations that these actions were because of his prior civil

3 rights actions.  Nor has he described how the disciplinary finding did not reasonably

4 advance a legitimate correctional goal, especially as plaintiff admits he was fighting

5 another inmate.  Plaintiff presents no allegations that any of the defendants were even

6 aware of plaintiff's civil rights actions involving other prisons in different district that were

7 filed many years before.  While he has presented allegations of due process violations

8 and conspiracy, which the court will serve, he has failed to present plausible allegations

9 that the acts were in retaliation for any protected conduct.  His conclusory allegations are

10 insufficient.  Because plaintiff has already been provided several opportunities to amend,

11 this claim is dismissed with prejudice.

### 4.  Inmate Appeals

There is no constitutional right to a prison administrative appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff's claim that his inmate appeals were improperly denied was dismissed with prejudice in the prior screening order.

### 5.  Access to the Courts

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  *See id.* at 354-55

Plaintiff argues that he was denied access to the courts with respect to inmate appeals and state and federal cases.  Liberally construed, this claim is sufficient to proceed against defendant Medina with respect to denial of access to the courts for his cases concerning his conviction or conditions of confinement.  SAC at ¶ 97.

## CONCLUSION

1. Plaintiff's motion to file a lengthy amended complaint (Docket No. 20) is **GRANTED** and the court has considered the second amended complaint. Plaintiff's claims regarding retaliation and the denial of inmate appeals are dismissed with prejudice for the reasons set forth above. The remaining claims continue as described above.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint with attachments and copies of this order on the following defendants at Salinas Valley State Prison: B. Hopkins, P. Lord, W. Waterman, E. Medina, E. Dotson, D. Ambriz, D. Vega, D. Aguiano, G. Collier, E. Elias, A. Mendoza, S. Milenewicz, M. Perez, W. Keku, C. Sevier and Doss.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date her summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE --

WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d.  If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

    e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

4.  All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 22, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_05373_Trevino_v_Dotson_(PSP)\15-cv-05373-PJH-serve.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

    Plaintiff,

    v.

E. DOTSON, et al.,

    Defendants.

Case No. 15-cv-05373-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Trevino ID: J-64367
Salinas Valley State Prison D4-#130L
P.O. Box 1050
Soledad, CA 93960

Dated: September 22, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Nichole Peric
Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

10