UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

    Plaintiff,

v.

E. DOTSON, et al.,

    Defendants.

Case No. 15-cv-05373-PJH

**ORDER ON MOTIONS**

Re: Dkt. Nos. 49, 55

Plaintiff proceeds with a pro se civil rights action. Presently pending are two discovery related motions and defendants' motion to revoke plaintiff's in forma pauperis ("IFP") status. Defendants filed a motion to revoke plaintiff's IFP status on December 27, 2016. On February 1, 2017, plaintiff submitted a partial filing fee of $350. However, in addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.* Because it appears that plaintiff wishes to proceed without IFP status as a paid litigant, and because he was not charged an initial filing fee, he must pay an additional $50. If plaintiff pays the additional $50, the motion to revoke IFP will be denied as moot. Plaintiff shall pay the additional $50 by March 10, 2017. If plaintiff does not pay, the court will look to the merits of the motion. Plaintiff is also informed that the $350 he has paid cannot be refunded even if defendants' motion is denied.

    Plaintiff also filed a motion to compel on December 12, 2016. The motion involves subpoena requests made to non-defendants in October and November 2016.

1 However, defendants did not appear in this action until November 16, 2016, or later. The
2 motion to compel is denied as the requests were not made to defendants in this action.
3 Plaintiff should send his discovery requests to defendants' counsel.[1]

4 Defendants have filed a motion to stay discovery pending ruling on the motion to
5 revoke IFP. Defendants note that they have already responded to 68 discovery requests
6 of various types and plaintiff served 28 more requests. Defendants also attempted to
7 settle the discovery dispute with plaintiff prior to filing this stay. A district court has broad
8 discretion to stay discovery pending the disposition of a dispositive motion. *See Panola*
9 *Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air*
10 *Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of*
11 *Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989). But it is an abuse of that
12 discretion to stay discovery if plaintiff is denied discovery that relates to the motion. *See*
13 *Scroggins*, 534 F.2d at 1133.

14 Here, the discovery requests do not involve the pending motion to revoke plaintiff's
15 IFP status. Therefore, the motion to stay discovery is granted. However, the stay is in
16 effect until plaintiff pays the remaining $50 or the court rules on the motion to revoke IFP
17 status and the case were to continue.

18 Plaintiff is also informed that the court generally is not involved in the discovery
19 process and only becomes involved when there is a dispute between the parties about
20 discovery responses. Discovery requests and responses normally are exchanged
21 between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing
22 discovery requests and responses that "must not" be filed with the court until they are
23 used in the proceeding or the court orders otherwise). Only when the parties have a
24 discovery dispute that they cannot resolve among themselves should the parties even
25 consider asking the court to intervene in the discovery process. The court does not have
26 enough time or resources to oversee all discovery, and therefore requires that the parties

---

28 [1] It appears from other motions that plaintiff has now been sending discovery requests to the appropriate parties and defendants have responded to dozens of requests.

present to it only their very specific disagreements.  To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  See Fed. R. Civ .P. 37(a); N.D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

## CONCLUSION

1. To proceed with this case as a paid litigant, plaintiff shall pay an additional $50 by **March 10, 2017**.  If plaintiff does not pay this fee, the court will look to the merits of the motion to revoke IFP status.

2. Plaintiff's motion to compel (Docket No. 49) is **DENIED**.

3. Defendants' motion for a stay (Docket No. 55) is **GRANTED**.  The stay is in effect until plaintiff pays the remaining $50 or the court rules on the motion to revoke IFP status and the case were to continue.

**IT IS SO ORDERED.**

Dated:  February 10, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_05373_Trevino_v_Dotson_(PSP)\15-cv-05373-PJH-discovery.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

        Plaintiff,

  v.

E. DOTSON, et al.,

        Defendants.

Case No. 15-cv-05373-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Trevino ID: J-64367
Salinas Valley State Prison D4-#130L
P.O. Box 1050
Soledad, CA 93960

Dated: February 10, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON