| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT TREVINO, | Case No. 15-cv-05373-PJH |
|---|---|
| Plaintiff, | |
| v. | **ORDER ON MOTIONS** |
| E. DOTSON, et al., | Re: Dkt. Nos. 54, 72, 74, 76, 77, 78, 80 |
| Defendants. | |

Plaintiff proceeds with a pro se civil rights action. Presently pending are several motions filed by both parties. Defendants filed a motion to revoke plaintiff's in forma pauperis status, but plaintiff has paid the full filing fee, therefore the motion is denied as moot.

**Unserved Defendants**

Plaintiff has also filed a motion to compel non-parties to provide information with respect to his attempts to serve two outstanding defendants, Keku and Doss. The motion to compel is denied. In order to obtain the contact information for these individuals plaintiff may seek such information through the California Public Records Act or any other means available. Plaintiff has also sent subpoenas, but the subpoenas were not signed or issued by the Court. Plaintiff will be provided three Court subpoenas. As a pro se litigant, plaintiff needs the Court's Clerk to issue a subpoena. Fed. R. Civ. P. 45(a)(3). Therefore, the Clerk shall send to plaintiff three blank document subpoena forms (subpoena duces tecum) for plaintiff to fill out and return to the Court so that the Clerk may issue the subpoena and the Marshal may serve it on the subpoenaed party. Plaintiff needs to fill in all of the necessary information, but must leave the signature line blank so

that the Clerk may sign it. Plaintiff is informed that the subpoenas should just be used to obtain information for the unserved defendants. The other information he sought can be obtained through discovery and it appears that defendants have already provided documents sent to the Monterey County District Attorney that plaintiff was seeking.

Plaintiff request to file a supplemental complaint is denied without prejudice because plaintiff has only identified Doe defendants and has not pled sufficient allegations to state a claim.[1]

**Discovery**

Defendants have filed a motion for summary judgment for failure to exhaust that is not yet fully briefed. Defendants have also filed a motion to stay discovery pending resolution of the summary judgment motion. Defendants note that they have already responded to 124 discovery requests and plaintiff recently served 259 more requests. A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989). But it is an abuse of that discretion to stay discovery if plaintiff is denied discovery that relates to the motion. *See Scroggins*, 534 F.2d at 1133. The motion for a stay is granted in that discovery is stayed with the exception of discovery related to exhaustion and the contact information or location of the unserved defendants.

**Appointment of Counsel**

Plaintiff has again requested the appointment of counsel. However, there is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that

---

[1] If this action proceeds past the pending motion for summary judgment for failure to exhaust, plaintiff will be provided another opportunity to present his allegations and arguments for a supplemental complaint.

2

does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The issues presented are not complex and do not represent exceptional circumstances. Plaintiff does not require counsel at this point to oppose summary judgment. The motion to appoint counsel is denied.

**CONCLUSION**

1. Defendants' motion to revoke plaintiff's in forma pauperis status (Docket No. 54) is **DENIED** as moot.

2. Plaintiff's motion to compel (Docket No. 72) is **DENIED** as discussed above.

3. As a pro se litigant, plaintiff needs the Court's Clerk to issue a subpoena. Fed. R. Civ. P. 45(a)(3). Therefore, the **Clerk shall send to plaintiff three (3) blank document subpoena forms** (subpoena duces tecum) for plaintiff to fill out and return to the Court so that the Clerk may issue the subpoena and the Marshal may serve it on the subpoenaed party. Plaintiff needs to fill in all of the necessary information, but must leave the signature line blank so that the Clerk may sign it.

4. Defendants' motion for a discovery stay (Docket No. 74) is **GRANTED** as set forth above.

5. Plaintiff's motion for an extension (Docket No. 76) is **GRANTED** and the opposition to the summary judgment motion shall be filed by **June 23, 2017**. Plaintiff's motion to stay the case (Docket No. 78) is **DENIED** and plaintiff must file an opposition to summary judgment or else this case may be dismissed.

6. Plaintiff's motion to strike the summary judgment motion (Docket No. 77) is **DENIED** as meritless.

3

7. Plaintiff's motion to appoint counsel (Docket No. 80) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 22, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_05373_Trevino_v_Dotson_(PSP)\15-cv-05373-PJH-ord2.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>     v.<br><br>E. DOTSON, et al.,<br><br>        Defendants. | Case No. 15-cv-05373-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 22, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Trevino ID: J-64367
Salinas Valley State Prison D4-#130L
P.O. Box 1050
Soledad, CA 93960

Dated: May 22, 2017

                                      Susan Y. Soong
                                      Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

5