UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br>　　　　Plaintiff,<br>　　v.<br>E. DOTSON, et al.,<br>　　　　Defendants. | Case No. 15-cv-05373-PJH<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 73, 109 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. His claims arise from his detention in Salinas Valley State Prison ("SVSP"). Plaintiff alleges that his due process rights were violated at a prison disciplinary hearing; there was a conspiracy to frame him; and he was denied access to the courts. Fourteen defendants were served and two defendants remain unserved. Defendants have a filed a motion for summary judgment on the grounds that plaintiff failed to administratively exhaust his claims and he is collaterally estopped from arguing that he exhausted because he previously litigated the issue in state court. Plaintiff filed an opposition and defendants filed a reply.[1] For the reasons set forth below, the motion is granted.

## DISCUSSION

**LEGAL STANDARD**

**Collateral Estoppel**

Under the federal Full Faith and Credit statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that

---

[1] Plaintiff discusses the underlying claims in great detail in his opposition; however, this motion only concerns exhaustion and collateral estoppel.

judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see Adam Bros. Farming, Inc. v. County of Santa Barbara,* 604 F.3d 1142, 1148 (9th Cir. 2010) (same).

> California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine. There are five threshold requirements:
>
> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. The party asserting collateral estoppel bears the burden of establishing these requirements.

*In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (quoting *Lucido v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal. 1990) (en banc)) (internal citation and quotation marks omitted).

**Exhaustion**

"The PLRA [Prison Litigation Reform Act] mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *Id.* at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id.* The ultimate burden of proof remains with the defendant, however. *Id.* If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary

2

judgment under Rule 56. *Id.* at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.*

The California Department of Corrections and Rehabilitation ("CDCR") provides any inmate under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To initiate an appeal, also referred to as a grievance, the inmate or parolee must submit a CDCR Form 602 describing the issue to be appealed to the appeals coordinator's office at the institution for receipt and processing. *Id.* § 3084.2(a)-(c). The appeal must name "all staff member(s) involved" and "describe their involvement in the issue." *Id.* § 3084.2(a)(3). The CDCR appeal process consists of three formal levels of appeals: (1) first formal-level appeal filed with one of the institution's appeal coordinators, (2) second formal-level appeal filed with the institution head or designee, and (3) third formal-level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts the appeal process when he completes the third level of review. Id. § 3084.1(b); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010). A "cancellation or rejection" of an appeal "does not exhaust administrative remedies." Cal. Code Regs., tit. 15, § 3084.1(b).

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford*, 548 U.S. at 93. Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical

3

procedural rules." *Id.* at 90.

An inmate "need not exhaust unavailable [remedies]." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative remedy is unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; or when "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

**Facts**

The following facts are undisputed except where indicated otherwise:

Plaintiff was incarcerated at SVSP during the relevant time. Am. Compl. (Docket No. 20) at 5. On July 15, 2011, plaintiff engaged in a fight with another inmate on the prison yard. *Id.* at 8. Plaintiff concedes he was in a fight with another inmate regarding a housing issue but contends it only involved fists. *Id.*; Opp'n (Docket No. 103) at 4. Correctional Officers observed plaintiff making slashing gestures toward the other inmate during the fight. Am. Compl. at 8. Correctional officers stopped the fight and discovered a weapon, a modified toothbrush with a razor melted into the handle. *Id.* at 8, 48; Opp'n at 5. Plaintiff denies there was any weapon involved. Am. Compl. at 8. Plaintiff was charged with assaulting an inmate with a weapon capable of causing serious bodily injury and was found guilty on March 21, 2012. *Id.* at 57-60.

From 2000 to approximately April 2017, plaintiff filed 36 grievances, not including health care grievances. Motion for Summary Judgment ("MSJ"), Voong Decl. ¶ 9. Thirty-two of the grievances were exhausted and four were cancelled. *Id.* From the time of the incident, July 15, 2011 to the filing of this lawsuit on November 24, 2015, plaintiff filed seven inmate grievances that were received by prison officials, but none concerned this incident. MSJ, Medina Decl. ¶¶ 14-23.

On April 22, 2012, plaintiff submitted a grievance concerning this incident. Opp'n

4

at 5; MSJ, Request for Judicial Notice ("RJN") Ex. C at 103-104.[2] Plaintiff submitted the grievance as a confidential correspondence by placing it in a sealed envelope marked "CONFIDENTIAL" and sending it to the appeals office. Am. Compl. at 19. Prison regulations do not permit inmates to submit confidential correspondence to the appeals office. *See* Cal. Code Regs. tit 15, §§ 3141-3142 (limiting confidential correspondence to certain recipients; SVSP appeals office is not one). The envelope was not received by the appeals office and not processed. MSJ, Voong Decl. ¶¶ 10, 11; Docket No. 105 at 7.

The April 22, 2012 grievance argued that two defendants failed to interview witnesses and conduct a proper investigation and that the disciplinary hearing officer denied witnesses and found plaintiff guilty with insufficient evidence. MSJ Ex. C at 103-04. While the grievance included exhibits, it did not mention the other dozen defendants and the claims of conspiracy and denial of access to the courts. *Id.*

On June 3, 2012, plaintiff inquired about the status of his grievance, but received no response. Opp'n at 23. On August 1, 2012, plaintiff again inquired about the status of the April 22, 2012 grievance. Docket No. 105 at 7. The next day the appeals coordinator responded that there was no record of him filing the appeal. *Id.* Plaintiff took no more action in the inmate grievance system for this incident. MSJ, Medina Decl. ¶¶ 23-24. He did not seek review of the appeals coordinator response; he did not file a grievance regarding the lost confidential appeal; nor did he resubmit the April 22, 2012 grievance. *Id.*

On October 29, 2014, more than two years later, plaintiff filed a habeas petition in Monterey County Superior Court. MSJ, RJN Ex. A.[3] On November 25, 2014, the Monterey County Superior Court denied the petition for failure to exhaust administrative remedies. *Id.* Ex. B. Plaintiff filed a motion for reconsideration arguing that he filed an appeal on April 22, 2012, that was not processed. *Id.* Ex. C. The superior court denied the motion. *Id.* Ex. D. The superior court also noted that while it could not fully evaluate

---

[2] The version of the grievance in the record is a handwritten copy made by plaintiff and provided with a state habeas petition in 2014. MSJ, RJN Ex. A. at 6.
[3] The court takes judicial notice of these public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

5

plaintiff's claims on the merits because he failed to provide enough information, based on the incident report that was attached there was sufficient evidence to find him guilty based on the weapon found at the scene and the observations of a correctional officer. *Id.*

# ANALYSIS
**Collateral Estoppel**
Defendants argue that plaintiff is collaterally estopped from arguing that he exhausted his administrative remedies to proceed with this action. Defendants note that the Monterey County Superior Court denied plaintiff's state habeas petition that raised the same claims for failure to exhaust administrative remedies. The petition stated that plaintiff had exhausted his administrative remedies (MSJ, RJN Ex. A at 6), but the superior court disagreed. *Id.* Ex. B. Defendants contend that plaintiff is barred from relitigating the exhaustion issue that was decided by the state court.

The state exhaustion requirement is different from the exhaustion requirement of the PLRA. The PLRA mandates that prisoners exhaust "available" administrative remedies before filing suit in federal court. Prisoners are excused from attempting to exhaust generally available administrative remedies when the actions of prison officials render such remedies "effectively unavailable." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (recognizing that threat of retaliation may render administrative remedies effectively unavailable); *see also Albino*, 747 F.3d at 1176 (no remedies available where officials failed to inform inmates of availability of grievance procedure); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (recognizing that improper screening of grievance renders remedies effectively unavailable). A prisoner for whom no administrative remedies are available may proceed directly to federal court. *Brown v. Valoff*, 422 F.3d 926, 935 n.10 (9th Cir. 2005).

California's exhaustion requirement, in contrast, directs prisoners who believe that prison officials are improperly delaying or obstructing their grievances to file suit for a writ of mandate ordering the prison to perform its duty. *Wright v. State*, 122 Cal. App. 4th 659, 667-68 (Cal. Ct. App. 2004). A prisoner who fails to seek a writ of mandate is not excused from further attempts to exhaust administrative remedies, and any state court action filed on the prisoner's underlying claim is subject to dismissal. *See Id.* at 97, 100. In this case plaintiff filed a writ of mandate that was construed as a habeas petition by the superior court. MSJ, RJN Ex. A at 1.

California's writ of mandate requirement is distinct with respect to the PLRA, which "requires exhaustion of available administrative, not judicial, remedies." *Smith v. Cobb*, No. 15-cv-0176 GPC (WVG), 2016 WL 8731090, at *5 (S.D. Cal. May 6, 2016) (quoting *Thorns v. Ryan*, No. 07-CV-0218H (AJB), 2008 WL 544398, at *4 n.2 (S.D. Cal. Feb. 26, 2008)) (rejecting prison officials' argument that prisoner whose appeal was improperly screened out by prison officials was required to seek a writ of mandate in state court before filing his federal lawsuit); *see also Andrews v. Whitman*, No. 06CV2447-LAB (NLS), 2008 WL 878466, at *6 (S.D. Cal. Mar. 28, 2008) (same).

The ruling on the exhaustion issue by the superior court was based on requirements not present in the PLRA. Collateral estoppel does not apply in this case, and the court will consider plaintiff's exhaustion arguments below.

**Exhaustion**
Even viewing the evidence in a light most favorable to plaintiff, defendants are entitled to summary judgment. The court has viewed plaintiff's factual statements as true and assumes that plaintiff submitted an inmate appeal on April 22, 2012. However, it is undisputed that plaintiff did not properly follow the exhaustion procedures. Plaintiff

attempted to submit his appeal confidentially, which is not part of the grievance process, and he failed to further exhaust when he learned the appeal was not received.

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford*, 548 U.S. at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 83-84. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *See id*. at 87; *see also Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require).

California regulations do not permit the filing of confidential appeals, so it is unclear if the appeal office received the envelope. More importantly, plaintiff was informed by the appeals coordinator on August 2, 2012, that no appeal had been received. Plaintiff could have taken further action, yet he chose not to. He could have sought review of the response from the appeals coordinator; he could have appealed the loss of the confidential correspondence; or he could have resubmitted the April 22, 2012, appeal. But, plaintiff did not further utilize the inmate appeals system for this incident. Rather, plaintiff waited more than two years and then filed a state habeas petition. Plaintiff does not sufficiently explain why he chose not to further appeal the incident in the inmate grievance system. It is undisputed that plaintiff has fully exhausted dozens of appeals and has extensive experience with the grievance system.

Plaintiff argues that the administrative remedies were unavailable. He states that he made a good faith effort when he filed the April 22, 2012 appeal and because it was not processed he should be excused from all further exhaustion requirements. While plaintiff did attempt to file the appeal, he erroneously submitted it as confidential. When

7

plaintiff was informed on August 2, 2012, that the appeal was not processed, he did not attempt to rectify the situation.

An administrative remedy is unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; or when "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use, [i.e.] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859–60.

None of these factors are met in this case. While plaintiff appears to argue that defendants thwarted his efforts, one mislabeled appeal not being processed does not show this. Had plaintiff attempted to further exhaust the claim in August 2012, when he was informed there was no record of it, and had his efforts been obstructed, then he could perhaps demonstrate that exhaustion was unavailable. The facts of this case do not demonstrate that any actions taken by prison administrators impeded the grievance process. Defendants have met their burden in showing plaintiff failed to exhaust, and they are entitled to summary judgment.

Plaintiff has also filed several motions seeking a hearing and for additional discovery. However, these are not necessary to adjudicate this summary judgment motion for exhaustion. Many of plaintiff's arguments concern the underlying claims, which are not at issue in this motion. Plaintiff also requests the case file from the Monterey County District Attorney's Office. Prison officials forwarded the incident reports of the assault to the district attorney's office for possible prosecution, but the office declined to prosecute. Defendants already provided plaintiff with the record that was forwarded to the district attorney's office. Docket No. 105 at 118. Plaintiff argues that defendants and defendants' attorneys are being less than candid and did not provide him everything. Plaintiff does not provide sufficient support for these serious allegations. Plaintiff also believes that the district attorney's file will demonstrate that defendants received plaintiff's inmate appeal and discarded it. It is not clear how the district attorney's file will help plaintiff with the exhaustion issue. The court has already viewed plaintiff's assertions as fact and assumes he submitted the appeal, yet finds that he still failed to exhaust administrative remedies as discussed above.

**Unserved Defendants**

Two defendants, Keku and Doss, have not been served. Service was ordered on September 22, 2016, and on June 7, 2017, the court ordered the United States Marshal to serve subpoenas for records that would assist plaintiff in ascertaining service information for these defendants. Service has still not been effectuated.

Summary judgment may be granted by the court sua sponte in favor of a nonappearing party on the basis of facts presented by other defendants who have appeared. *See Columbia Steel Fabricators Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on the pleadings as to unserved defendants where such defendants were in a position similar to served defendants against whom claim for relief could not be stated); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court on its own motion may grant motion to dismiss as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

It is alleged that these two defendants were part of a conspiracy to frame plaintiff for using a weapon in the assault of the other inmate. These claims were not exhausted for the reasons set forth above, and defendants Keku and Doss are dismissed from this action.

**CONCLUSION**

1. For the reasons set forth above, the motion for summary judgment (Docket No. 73) is **GRANTED** and this case is **DISMISSED**.

2. The unserved defendants, Keku and Doss, are **DISMISSED** from this action.

3. Plaintiff's motion to file a sur reply (Docket No. 109) is **GRANTED** and the court has considered the filing.

3. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 6, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_05373_Trevino_v_Dotson_(PSP)\15-cv-05373-PJH-sj.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>    v.<br><br>E. DOTSON, et al.,<br><br>        Defendants. | Case No. 15-cv-05373-PJH<br><br>**CERTIFICATE OF SERVICE** |

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on October 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Trevino ID: J-64367
Salinas Valley State Prison D4-#130L
P.O. Box 1050
Soledad, CA 93960

Dated: October 6, 2017

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:__ */s/ Nichole Peric*
                                        Nichole Peric, Deputy Clerk to the
                                        Honorable PHYLLIS J. HAMILTON